UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIMITRI D. COMAGER, ET AL.** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-564-SDD-EWD** |
| **EMANUEL BRISTER, JR. ET AL.** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages by Dimitri D. Comager ("Comager") and Pamela Gauthier ("Gauthier") (collectively, "Plaintiffs") based upon the injuries they allegedly sustained on August 2, 2019 on Interstate 12 in Louisiana (the "Accident") when Comager's vehicle was struck by the vehicle driven by Defendant Emanuel Brister ("Brister"), owned by Brister's employer, Defendant Trojan Trucking, LLC ("Trojan"), and insured by Defendant Progressive Gulf Insurance Company ("Progressive") (collectively, "Defendants").[1] On July 22, 2020, Plaintiffs filed their Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Plaintiffs aver that they suffered personal injuries as a result of the Accident, caused by the negligence of Brister, for which Trojan is vicariously liable.[3] On August 28, 2020, the matter was removed by Progressive to this Court, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

---

[1] R. Doc. 1-2, ¶¶ 2-5.
[2] R. Doc. 1-2.
[3] R. Doc. 1-2, ¶¶ 5-11.
[4] R. Doc. 1, introductory paragraph. Progressive avers that Brister and Trojan have not yet been served, but counsel for Progressive will represent them once they are served and they will consent to removal. R. Doc. 1, ¶ XVI.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiffs are domiciled in Louisiana; Brister is domiciled in Mississippi; Progressive is an Ohio corporation with its principal place of business in Ohio; and Trojan is a limited liability company whose sole member is Brister, a Mississippi citizen;[5] therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether either of Plaintiff's[6] claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges that both Plaintiffs suffered the same injuries, as follows:

10. [and 11.]
- a) Past and future physical pain and suffering;
- b) Past and future mental pain, suffering, and anguish;
- c) Past and future loss of enjoyment of life;
- d) Past and future medical expenses;
- e) Possible Past and future loss of wages and/or earnings; and
- f) All other damages which may be shown more fully at trial of this matter.[8]

Plaintiffs contend that they have "suffered damages and losses, including but not limited to, mental and physical pain and suffering in connection with injuries sustained in the accident to be shown fully at trial…."[9]

---

[5] R. Doc. 1, ¶¶ I-IV. While the Petition alleges that Brister is "a person of the full age of majority of Jefferson Parish, Louisiana" with a Louisiana address for service (R. Doc. 1-2, ¶ 1(A)), Progressive has introduced the affidavit of Brister, which attests that Brister's domicile is in Mississippi. R. Doc. 1-4.

[6] *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 559, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (Holding that that a federal court sitting in diversity may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over additional plaintiffs who fail to satisfy the amount in controversy requirement, as long as the other elements of diversity jurisdiction are present, at least one named plaintiff satisfies the amount in controversy requirement, and the additional plaintiffs' claims are part of the same case or controversy as those of the plaintiff(s) who allege a sufficient amount in controversy.).

[7] *See* 28 U.S.C. §1332(a).

[8] R. Doc. 1-2, ¶¶ 10-11.

[9] R. Doc. 1-2, ¶¶ 8-9.

In the Notice of Removal, Progressive relies on the above-referenced allegations of damages in the Petition and also argues that Plaintiffs have not stipulated that their damages are less than $75,000.[10] Progressive contends that it has received "limited" medical records for each Plaintiff, which reflect that Gauthier has 4 cervical spine disc bulges, 4 lumbar spine disc bulges, right rotator cuff tendinopathy and a small tear of the supraspinatus tendon, $5,834 in past medical expenses, and is continuing treatment.[11] The records reflect that Comager has 3 cervical spine disc bulges, 2 lumbar spine disc bulges, facet injections for the lumbar spine disc bulges, $15,894 in past medical expenses, and is continuing treatment.[12] Progressive argues that it is facially apparent that the amount in controversy exceeds the jurisdictional threshold "when the plaintiffs' claims against defendants are considered," combined with the lack of a stipulation by Plaintiffs that their claims do not exceed $75,000 and/or the lack of a stipulation by Plaintiffs that they will not seek to enforce any judgment in excess of $75,000.[13] Alternatively, Progressive argues that the foregoing sustains it burden of proving that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence.[14]

The foregoing does not provide enough information to determine if Plaintiffs' claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiffs' demands for general categories of damages in the Petition (echoed in the Notice of Removal) (*e.g.*, past and future pain and suffering, mental anguish, lost wages and medical expenses),[15] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,'

---

[10] R. Doc. 1, ¶ V.
[11] R. Doc. 1, ¶ VI.
[12] R. Doc. 1, ¶ VII.
[13] R.Doc. 1, ¶ IX.
[14] R. Doc. 1, ¶ XVII (citations omitted).
[15] R. Doc. 1-2, ¶¶ 8-11.

without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[16] The description of Plaintiffs' actual injuries (*see* above) is also insufficient to indicate whether their damages exceed the jurisdictional amount. The Notice of Removal indicates that the primary medical issue for both Plaintiffs are several bulging discs, which is typically not sufficient to meet amount in controversy requirements, even where, as here, the plaintiff is actually treated with steroid injections.[17] Further, Progressive has alleged that Gautier has only incurred about $5,800 in medical expenses and Comager has only incurred about $15,900 in medical expenses, presumably for treatment of their spinal injuries (and Gauthier's shoulder injuries), which fall far short of the requisite amount in controversy.[18] Finally,

---

[16] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

[17] R. Doc. 1, ¶ 11. A general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections. *See*, *e.g.*, *Clement v. Carbon*, 13-827 (La. App. 5 Cir. 4/19/14), 153 So.3d 460, 464 (affirming award of $30,000 in general damages for bulging disc at C5-6); *Mixter v. Wilson*, 10-464 (La. App. 5 Cir. 12/14/10), 54 So.3d 1164, 1169 (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections) and *Holford v. Allstate Ins. Co.*, 41,187 (La. App. 2 Cir. 6/28/06), 935 So.2d 758, 763 (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident).

[18] *See Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) (holding that the plaintiff's medical expenses of $7,318 at the time of removal, with the possible additional cost of an MRI, physical therapy treatment, and recommendation for epidural steroid injections, along with several lumbar disc bulges, was not sufficient for federal jurisdiction.) *See also id.,* noting: "Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc*., No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where

the lack of a stipulation by Plaintiffs that their damages do not exceed $75,000 and/or that they will not seek to enforce a judgment in excess of that amount is entitled to some consideration, but is not determinative of whether the amount in controversy is met.[19]

As it stands, there are no details regarding the full extent of either Plaintiffs' medical treatment thus far, the amount of medical expenses incurred, whether the injuries are permanent or the prognosis and recommended future treatment, including whether either Plaintiff has been recommended for surgery. Progressive avers that it has only received limited medical records from Plaintiffs (which it has not filed in support of removal) and Progressive has only offered limited medical information regarding Plaintiffs' injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands, discovery responses, lost wages, or relevant documents produced in discovery that would have bearing on the amount in controversy, nor does the Petition demand a jury trial.[20] Based on the

---

slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. C*o., No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the ... accident.")."

[19] *See Johnson v. Beale,* No. 18-961, 2019 WL 2150399, at **4-5 (M.D. La. Apr. 24, 2019), *report and recommendation adopted,* No. 18-961, 2019 WL 2144807 (M.D. La. May 16, 2019) (holding that "the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present," *citing Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6994347, at *3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.' ") (citing *Cole,* 2017 WL 1682561, at *5 (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $ 75,000.' Such a refusal 'is but one factor for the court to consider.' ") (internal citation omitted). *See also Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at *2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.")).

[20] While a jury trial demand by the plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp*., No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), report and recommendation adopted, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

5

foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[21]

Accordingly,

**IT IS ORDERED that, on or before September 14, 2020,** Defendant Progressive Gulf Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before September 24, 2020,** Plaintiffs Dimitri Comager and Pamela Gauthier shall file either: (1) a Notice stating that Plaintiffs do not dispute that Progressive has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, September 4, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").